IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | No. 11 C 8782 |
| CMGT, Inc., | ) | |
| | ) | |
| Debtor. | ) | Judge Robert W. Gettleman |
| | ) | |
| | ) | |
| SPEHAR CAPITAL, LLC, | ) | Appeal from the United States |
| | ) | Bankruptcy Court for the |
| Defendant / Appellant, | ) | Northern District of Illinois |
| v. | ) | |
| | ) | Bankruptcy No. 04 B 31669 |
| | ) | Adversary No. 07 A 00838 |
| DAVID GROCHOCINSKI, Trustee, | ) | |
| | ) | |
| Plaintiff / Appellee. | ) | |

## MEMORANDUM OPINION AND ORDER

This is the third appeal from the rulings in adversary proceeding 07 A 838 filed by plaintiff/appellee David Grochocinski ("Trustee") against Spehar Capital, LLC ("Spehar") in the bankruptcy case of CMGT, Inc. This court and the bankruptcy court have previously and somewhat repetitively detailed the tortuous factual and procedural history in this and related matters, and the court assumes familiarity with that background and the terms used in its prior opinions.[1] In ruling on the most recent appeal, this court instructed the bankruptcy court to

---

[1] E.g., Grochocinski v. Spehar Capital, LLC (In re CMGT, Inc.), No. 10 C 6330, 2011 WL 1044280 (N.D. Ill. Mar. 21, 2011) (vacating the bankruptcy court's order dismissing adversary proceeding 07 A 838 and Spehar's counterclaim); No. 04 B 31669, 2010 WL 3169362 (Bankr. N.D. Ill. Aug 11, 2010) (dismissing adversary proceeding and counterclaim); 424 B.R. 355 (N.D. Ill. 2010) (vacating bankruptcy court's entry of judgment in favor of Trustee); 402 B.R. 262 (Bankr. N.D. Ill. 2009) (granting judgment in favor of Trustee on his amended complaint and on Spehar's counterclaim); 2008 WL 4767434 (Bankr. N.D. Ill. Oct. 30, 2008) (denying cross-motions for summary judgment); 417 B.R. 69 (Bankr. N.D. Ill. 2009) (denying Spehar's motion for relief from judgment).

reinstate the Trustee's adversary action for the limited purposes of ruling on Spehar's counterclaim for breach of contract[2] and allowing Spehar to file a petition for sanctions and attorneys' fees. Spehar Capital, LLC v. Grochocinski (In re CMGT), No. 10 C 6330, 2011 WL 1044280 (N.D. Ill. Mar. 21, 2011). On remand, Spehar filed a motion for attorneys' fees and sanctions against the Trustee and the law firm that represents him, arguing that they should be sanctioned in the amount of $246,490.88, which is what Spehar contends it spent to defend itself from the Trustee's adversary action. The bankruptcy court denied Spehar's motion. Grochocinski v. Spehar Capital, LLC (In re CMGT, Inc.), 548 B.R. 473 (Bankr. N.D. Ill. 2011). Spehar now appeals from that decision, which, for the foregoing reasons, this court affirms.

The denial of a motion for sanctions is reviewed for abuse of discretion. In re Sokolik, 635 F.3d 261, 269 n.2 (7th Cir. 2011). Based on the record and the bankruptcy court's well-reasoned, thorough 28-page memorandum opinion, this court cannot conclude that the bankruptcy court abused its discretion in declining to impose sanctions.

As that court correctly explained, the crux of Spehar's argument (both in that court and on appeal) is that because this court found that the Trustee's adversary action was an impermissible collateral attack on the financing order, the adversary action was necessarily frivolous from the time the Trustee filed it. Essentially, Spehar contends that once this court held that the adversary action was impermissible, it became the law of the case that the adversary action was frivolous from the time it was filed.

---

[2] On remand, the bankruptcy court found that although Spehar had established that the Trustee breached the terms of the financing agreement, Spehar had no compensable damages. The court accordingly awarded nominal damages to Spehar. Grochocinski v. Spehar Capital, LLC (In re CMGT, Inc.), Bank. No. 04 B 31669, Adv. No. 07 A 00838, 2011 WL 2945768 (Bankr. N.D. Ill. July 21, 2011). This ruling has not been appealed.

2

This argument failed to persuade the bankruptcy court, and rightly so. The propriety of the adversary action was initially unclear, as evidenced by the bankruptcy court's having allowed it to proceed to trial—after which it found that, despite the financing order's language, Spehar did not have a valid and perfected lien. Sanctions do not become appropriate merely because a party loses on appeal. Although this court disagreed with the bankruptcy court and found that the financing order's terms gave Spehar a perfected superior lien on the assets of CMGT's estate, the court did not also hold that the Trustee's actions were sanctionable. Indeed, the court explicitly advised that it "expresse[d] no opinion on the merits" of a possible motion for sanctions.

Moreover, Spehar's contention misapprehends the law of the case doctrine, which is not retrospective. Rather, it is solely forward-looking; it prevents a court from revising or reconsidering its previous findings and "reflects the idea that a single court should not revisit its earlier rulings unless there is a compelling reason to do so." Sharp Elec. Corp. v. Metro. Life Ins. Co., 578 F.3d 505, 510 (7th Cir. 2010). The doctrine exists "to further consistency, to avoid revisiting rulings, and to conserve judicial resources." Id. Following Spehar's logic would eviscerate those purposes—it would require the bankruptcy court, and now this court, to revisit the bankruptcy court's prior rulings in light of this court's subsequent opinions, and its result would be the possibility of sanctions any time a reviewing court disagreed with a lower court. The bankruptcy court therefore did not abuse its discretion in rejecting this argument.

Taking that contention out of the equation, Spehar has one remaining claim: that the record permits only one of two equally "diabolical" reasons for the Trustee's decision to file the adversary action. Spehar speculates that the Trustee must have filed the action either because,

3

(1) after the financing order was entered, he "developed remorse . . . and commenced the Adversary Action to undo what he had done," or (2) the Trustee intentionally failed to highlight the relevant provision (in violation of Bankruptcy Local Rule 4001-2) so that he could later attack the validity of Spehar's lien. But Spehar ignores the third reason that the Trustee offered in response to Spehar's motion, and which he supported with his own affidavit as well as an affidavit from one of his lawyers.[3]

In his affidavit, the Trustee states that he filed the adversary action because there was "a bona fide dispute concerning the validity of Spehar's lien," a position that was confirmed by the bankruptcy court's decisions denying Spehar's motion for judgment on the pleadings and both parties' motions for summary judgment. Specifically, the Trustee's affidavit explains that he did not interpret the financing order the way Spehar did (and the way this court eventually did), and that he investigated Spehar's lien and determined that it might be invalid because it had failed to serve its citations to discover assets properly on CMGT. The Trustee thus concluded that there was a basis for filing and pursuing the adversary action to determine the validity, extent, and priority of Spehar's lien. Further, the Trustee rationally believed that if he did <u>not</u> attempt to challenge Spehar's lien, CMGT's other creditors would have claimed he was breaching his fiduciary duty to them.

Given this explanation, which Spehar fails to (and cannot) discredit, the bankruptcy court did not abuse its discretion in finding that sanctions were unwarranted under any of Spehar's proposed bases: Fed. R. Bankr. P. 9011; 28 U.S.C. § 1927; the court's inherent authority to

---

[3] Spehar criticizes the bankruptcy court for considering these affidavits and urges this court to ignore them. But Spehar provides no legal support for this contention and no persuasive rationale that would allow the court to conclude that these affidavits are inappropriate.

impose sanctions under 11 U.S.C. § 105(a); and Maxwell v. KPMG LLP, 520 F.3d 713 (7th Cir. 2008). The court found that Spehar had presented no evidence that the Trustee or his firm exhibited "bad faith or willful or deliberate fiduciary misconduct" (as Rule 9011 demands), that they acted unreasonably or vexatiously in pursuing the adversary action (as required under § 1927), or that they abused the judicial process by unreasonably and vexatiously multiplied proceedings (without which § 105(a) sanctions are inappropriate).

Further, the bankruptcy court found that because Spehar had failed to comply with the safe harbor provision in Rule 9011, sanctions under that rule were unavailable regardless. Although Spehar sent the Trustee a letter (a potentially acceptable method of compliance) deeming the Trustee's complaint "frivolous," the letter went no further. It did not inform him or his law firm that Spehar intended to seek sanctions—it did not refer to Rule 9011 at all—and it did not give the Trustee an opportunity to withdraw his complaint. See Matrix IV, Inc. v. Am. Nat. Bank and Trust Co. of Chicago, 649 F.3d 539, 552-53 (7th Cir. 2011).

The bankruptcy court also appropriately applied Maxwell's dictate that "frivolous suits"—defined as those with "very low" probabilities of success on the merits—"are forbidden." 520 F.3d at 719. Spehar's sole evidence of the "very low" probability of the adversary action's success is the fact that the Trustee lost on appeal. But Spehar must have something more than that, or every losing case would be a frivolous one. As the Seventh Circuit has observed, the term "frivolous" implies that the "arguments are utterly meritless," In re Gulevsky, 362 F.3d 961, 964 (7th Cir. 2004) ("An appeal is frivolous when the appellant's arguments are utterly meritless and have no conceivable chance of success."), or that "the result is obvious," In re Sokolik, 635 F.3d at 271 (citation omitted). Here, the Trustee's arguments

5

were not patently meritless—indeed, the bankruptcy court agreed with them—and the result was far from obvious, as the complex history of the proceedings indicates.  See Lerch v. Boyer, 929 F.Supp. 319, 324 (N.D. Ind. 1996) ("[T]he failure to prevail on the merits of a particular legal contention (or in the entire case being litigated) cannot justify a finding of frivolousness.").

Finally, Spehar "seeks to have this Court invite it to present any further hearings and review of its rights in this matter to this Court due to the continued disparate and wrongful treatment it has received over these years, so that equity and justice may be administered without exposure to further pain and delay."  (Spehar made a similar request, which this court denied, in its second appeal.)  Spehar's reply brief clarifies that this request has a limited scope; Spehar asks only that this court award sanctions directly rather than vacating the bankruptcy court's order and remanding to that court for further proceedings.  Because, however, the court has found that the bankruptcy court did not abuse its discretion in denying Spehar's motion for sanctions, this request is moot.

## CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court denying Spehar's motion for sanctions and fees is affirmed.


**ENTER:**     **May 15, 2012**

                                                 **Robert W. Gettleman**
                                                 **United States District Judge**